**SO ORDERED: March 28, 2023.**



_____
**James M. Carr**
**United States Bankruptcy Judge**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| FREDERICUS JAN KNIPSCHEER, JR., | ) | Case No. 20-02581-JMC-7A |
| | ) | |
| Debtor. | ) | |
| | ) | |
| PIER 48 INDY LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Adversary Proceeding No. 20-50114 |
| | ) | |
| FREDERICUS JAN KNIPSCHEER, JR., | ) | |
| | ) | |
| Defendant. | ) | |

**ENTRY GRANTING IN PART AND DENYING IN PART**
**MOTION FOR SUMMARY JUDGMENT**

THIS ADVERSARY PROCEEDING comes before the Court on _Pier 48 Indy LLC's_

_Motion for Summary Judgment_ filed by Pier 48 Indy LLC ("Creditor") on February 16, 2022

(Docket No. 33) (the "Motion").  The Court, having reviewed and considered the Motion, _Pier_

*48 Indy LLC's Brief in Support of Motion for Summary Judgment* filed by Creditor on

February 16, 2022 (Docket No. 34) (the "Brief"), the *Amended Complaint to Determine*

*Dischargeability of Debt Pursuant to Section 523(a)(2), 523(a)(4), and 523(a)(6)* filed by

Creditor on August 11, 2020 (Docket No. 6) (the "Complaint"), the *Answer, Defenses, and*

*Affirmative Defenses* filed by Fredericus Jan Knipscheer, Jr. ("Debtor") on October 15, 2020

(Docket No. 12) (the "Answer") and the evidence designated by Creditor in support of the

Motion (Docket No. 33-1), having noted that no response to the Motion was timely filed, and

being duly advised, now **GRANTS IN PART and DENIES IN PART** the Motion.

<u>Summary Judgment Standard</u>

Creditor moves the Court to enter summary judgment in its favor and against Debtor

pursuant to Fed. R. Civ. P. 56, made applicable to this adversary proceeding by Fed. R. Bankr. P.

7056.

To obtain summary judgment, Creditor must show that there is no genuine dispute as to

any material fact and that Creditor is entitled to judgment as a matter of law.  Fed. R. Civ. P.

56(a).  The burden rests on Creditor, as the moving party, to demonstrate that there is an absence

of evidence to support the case of Debtor, the nonmoving party.  *Celotex Corp. v. Catrett*, 477

U.S. 317, 325, 106 S.Ct. 2548, 2554 (1986).  After Creditor demonstrates the absence of a

genuine issue for trial, the responsibility shifts to Debtor to "go beyond the pleadings" to cite

evidence of a genuine issue of material fact that would preclude summary judgment.  *Id*. at 324,

106 S.Ct. at 2553.  If Debtor does not come forward with evidence that would reasonably permit

the Court to find in Debtor's favor on a material issue of fact and if the law is with Creditor, then

the Court must enter summary judgment against Debtor.  *Waldridge v. American Hoechst Corp.*,

24 F.3d 918, 920 (7th Cir. 1994) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 585-87, 106 S.Ct. 1348, 1355-56 (1986); *Celotex*, 477 U.S. at 322-24, 106 S.Ct. at

2552-53; and *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-52, 106 S.Ct. 2505, 2511-12 (1986)).

*Undisputed Material Facts*

The Court first looks to the evidence presented by Creditor to determine whether a genuine issue of material fact exists, including (1) the *Affidavit of Keith Stucker in Support of Motion for Summary Judgment* attached to the Motion (Docket No. 33-1) (the "Stucker Affidavit"); (2) matters deemed admitted by virtue of Debtor's failure to respond to *Plaintiff's Request for Admissions* (Docket No. 31-1) (the "Admissions") attached to *Plaintiff's Verified Motion to Deem Requests Admitted* filed by Creditor on February 7, 2022 (Docket No. 31) and by virtue of this Court's *Order on Plaintiff's Verified Motion to Deem Requests Admitted* entered on February 10, 2022 (Docket No. 32);[1] and (3) the allegations Creditor made in the Complaint that Debtor admitted in the Answer.[2] "Admissions made under Rule 36, even default admissions, can serve as the factual predicate for summary judgment." *United States v. Kasuboski*, 834 F.2d 1345, 1350 (7th Cir. 1987) (citation omitted). "[Fed. R. Civ. P. 36(b)] provides that a matter admitted is 'conclusively established.'" *Id.*

---

[1] Fed. R. Civ. P. 36(a), made applicable to this adversary proceeding by Fed. R. Bankr. P. 7036, provides that "(1) [a] party may serve on any other party a written request to admit, for purposes of the pending action only, the truth of any matters within the scope of Rule 26(b)(1) relating to: (A) facts, the application of law to fact, or opinions about either". Fed. R. Civ. P. 36(a)(3) specifies that "[a] matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney." Because the rule is self-executing, "[r]equests are automatically admitted unless an objection or response is forthcoming within the time required." *Indiana Troopers Ass'n, Inc. v. Campaign Res, Inc. (In re Indiana Troopers Ass'n, Inc.)*, 2010 Bankr. LEXIS 1374, at *3 (Bankr. N.D. Ind. Apr. 9, 2010). Creditor advised the Court that Debtor failed to timely respond to the Admissions and asked for and obtained a Court order deeming the matters addressed in the Admissions admitted.

[2] In addition, the denials contained in the Answer were undone by Debtor's failure to respond to Creditor's Admissions. *Meyers v. Town of Putney (In re Corporation of Windham College)*, 34 B.R. 408, 411 (Bankr. D. Vt. 1983) ("[a]n admission under the rule is comparable to an admission in pleadings; but where a denial contained in the pleadings is inconsistent with an admission under the rule, the admission under the rule supersedes the denial contained in the pleadings").

Debtor is deemed to have admitted the following material facts:[3]

Admissions No. 1:  [O]n March 29, 2019, you on behalf of FK executed and delivered to Pier 48 a Management Agreement (the "Management Agreement") … .

Admissions No. 2:  [T]he purpose of the Management Agreement and the relationship it created by and between Pier 48 and FK was for you to provide Pier 48 with your management oversite of the restaurant operations of Pier 48.

Admissions No. 3:  [Y]ou had a fiduciary relationship with Pier 48 and were required to act in good faith in your dealings with Pier 48.

Admissions No. 4:  [Y]ou misrepresented financial information and exaggerated returns and other investor promotions in order to induce Pier 48 to enter into the Management Agreement.

Admissions No. 5:  [Y]ou consumed or transferred for your own benefit the property of Pier 48, including food and beverage inventory in an amount not less than $70,000.00.

Admissions No. 6:  [Y]ou took, for your own benefit, the restaurant equipment of Pier 48 valued at not less than $10,000.00.

Admissions No. 7:  [Y]ou took, for your own benefit, no less than three (3) computers and related equipment that were the property of Pier 48 valued at not less than $7,000.00.

Admissions No. 8:  [Y]ou took and used for your own benefit the credit and funds of Pier 48 to obtain unauthorized goods and services valued at not less than $50,000.00.

Admissions No. 9:  [Y]ou took funds of Pier 48 for your own benefit and to pay your own debts and obligations and/or the debts and obligations of other companies, partnerships or corporations in which you had an interest valued at not less than $50,000.00.

---

[3]     In such facts, the terms "you", "your", "Pier 48" and "FK" have the meanings ascribed to them in the Admissions.

Admissions No. 10:  [W]ithout approval by Pier 48 you used Pier 48 employees and payroll and benefits to operate non-Pier 48 restaurant entities valued at not less than $50,000.00. (Requests for Admissions No. 5 through 10 are collectively "Misappropriated Assets").

Admissions No. 11:  [T]he Misappropriated Assets were not used for the purpose as authorized in the Management Agreement.

Admissions No. 12:  [Y]ou represented to Pier 48 that the Misappropriated Assets would be used for the benefit of Pier 48.

Admissions No. 13:  [Y]ou knew these statements were false at the time made and had no intention of using the Misappropriated Assets to benefit Pier 48.

Admissions No. 14:  [I]t was your intention to deceive Pier 48 so that you could divert the Misappropriated Assets to your own use or the use of other companies in which you held an interest.

Admissions No. 15:  Pier 48 reasonably relied on your representations related to the Misappropriated Assets.

Admissions No. 16:  [Y]ou used artifice including false pretenses, a false representation and actual fraud to obtain unauthorized control over the Misappropriated Assets.

Admissions No. 17:  Pier 48 has been damaged by your misrepresentations in an amount not less than $500,000.00.

There are no additional material facts that were offered via the Stucker Affidavit nor through allegations in the Complaint that were admitted by Debtor in the Answer.

*Exceptions to Discharge*

Creditor alleges that a debt owed by Debtor to Creditor is nondischargeable under

11 U.S.C. § 523(a)(2)(A), (a)(4) and/or (a)(6).[4]

Exceptions to discharge under § 523 "are to be construed strictly against a creditor and liberally in favor of the debtor." *In re Zarzynski*, 771 F.2d 304, 306 (7th Cir. 1985). "The burden is on the objecting creditor to prove exceptions to discharge." *Goldberg Sec., Inc. v. Scarlata (In re Scarlata)*, 979 F.2d 521, 524 (7th Cir. 1992) (citation omitted). The burden of proof required is a preponderance of the evidence. *Grogan v. Garner*, 498 U.S. 279, 291, 111 S.Ct. 654, 661, 112 L.Ed.2d 755 (1991).

> Section 523 provides, in relevant part:
>
> (a) A discharge under section 727 … of this title does not discharge an individual debtor from any debt –
> …
> (2) for money, property, services, or an extension, renewal, or refinancing of credit, to the extent obtained by –
> > (A) false pretenses, a false representation, or actual fraud, other than a statement respecting the debtor's or an insider's financial condition;
> > . . .
> (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny;
> …
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity … .

*Reasoning – § 523(a)(2)(A)*

The Seventh Circuit Court of Appeals distinguishes material differences among the three possible grounds for nondischargeability under § 523(a)(2)(A) and has formulated two different tests, one for both "false pretenses" and "false representation" and another for "actual fraud." *See Rae v. Scarpello (In re Scarpello)*, 272 B.R. 691, 699-700 (Bankr. N.D. Ill. 2002) (citing *McClellan v. Cantrell*, 217 F.3d 890, 894 (7th Cir. 2000)).

---

[4]    All statutory references are to the United States Bankruptcy Code, 11 U.S.C. § 101 *et seq.*

To prevail on a nondischargeability claim under the "false pretenses" or "false representation" theory, a creditor must prove all of the following elements: "(1) the debtor made a false representation or omission, (2) that the debtor (a) knew was false or made with reckless disregard for the truth and (b) was made with the intent to deceive, (3) upon which the creditor justifiably relied." *Ojeda v. Goldberg*, 599 F.3d 712, 716-17 (7th Cir. 2010).

"What constitutes 'false pretenses' in the context of § 523(a)(2)(A) has been defined as 'implied misrepresentations or conduct intended to create and foster a false impression.' " *Mem'l Hosp. v. Sarama (In re Sarama)*, 192 B.R. 922, 927 (Bankr. N.D. Ill. 1996) (quoting *Banner Oil Co. v. Bryson (In re Bryson)*, 187 B.R. 939, 959 (Bankr. N.D. Ill. 1995) (quotations omitted)). "False pretenses do not necessarily require overt misrepresentations. Instead, omissions or a failure to disclose on the part of the debtor can constitute misrepresentations where the circumstances are such that omissions or failure to disclose create a false impression which is known by the debtor." *Id.* at 928 (citation omitted).

A "false representation" is a misrepresentation that can be shown by the debtor's written statement, spoken statement or conduct. *Deady v. Hanson (In re Hanson),* 432 B.R. 758, 772 (Bankr. N.D. Ill. 2010) (citing *Bletnitsky v. Jairath (In re Jairath)*, 259 B.R. 308, 314 (Bankr. N.D. Ill. 2001)). "A debtor's failure to disclose pertinent information may be a false representation where the circumstances imply a specific set of facts and disclosure is necessary to correct what would otherwise be a false impression." *Id.* (citing *Trizna & Lepri v. Malcolm (In re Malcolm),* 145 B.R. 259, 263 (Bankr. N.D. Ill. 1992)). "An intentional falsehood relied on under § 523(a)(2)(A) must concern a material fact." *Scarpello*, 272 B.R. at 700 (citing *Jairath*, 259 B.R. at 314).

Justifiable reliance is an intermediate level of reliance which is less stringent than "reasonable reliance" but more stringent than "reliance in fact." *See Field v. Mans*, 516 U.S. 59,

72-73, 116 S.Ct. 437, 445, 133 L.Ed.2d 351 (1995). Justifiable reliance requires only that the creditor did not "blindly [rely] upon a misrepresentation the falsity of which would be patent to him if he had utilized his opportunity to make a cursory examination or investigation" and imposes no duty on the creditor to investigate unless the falsity of the representation is readily apparent. *Id.* at 71 (quotations omitted). Justifiable reliance is not measured from the objective person standard, but rather from the experiences and characteristics of the particular creditor. *Id.* (quotation omitted).

"Scienter, or intent to deceive, is … a required element under § 523(a)(2)(A) whether the claim is for a false representation, false pretenses, or actual fraud." *Gasunas v. Yotis (In re Yotis)*, 548 B.R. 485, 495 (Bankr. N.D. Ill. 2016) (citation omitted).

A debtor's intent to deceive for purposes of the false pretenses and false representation prongs on § 523(a)(2)(A) "is measured by a debtor's subjective intention at the time the representation was made." *Scarpello*, 272 B.R. at 700 (citing *Mercantile Bank v. Canovas*, 237 B.R. 423, 428 (Bankr. N.D. Ill. 1998)). "Because direct proof of fraudulent intent is often unavailable, fraudulent intent may be inferred from the surrounding circumstances." *Hanson*, 432 B.R. at 773 (internal citations omitted).

"[A]ctual fraud is broader than misrepresentation," *McClellan*, 217 F.3d at 893, in that neither a debtor's misrepresentation nor a creditor's reliance is necessary to prove nondischargeability for "actual fraud." *Scarpello*, 272 B.R. at 700 (citing *McClellan*, 217 F.3d at 894). "Actual fraud" is defined as "any deceit, artifice, trick, or design involving direct and active operation of the mind, used to circumvent and cheat another" which includes "all surprise, trick, cunning, dissembling, and any unfair way by which another is cheated." *McClellan*, 217 F.3d at 893 (quotations omitted). *See also Husky Int'l Elecs., Inc. v. Ritz*, 578 U.S. 356, 359-60, 136 S.Ct. 1581, 1586, 194 L.Ed.2d 655 (2016) ("The term 'actual fraud' in § 523(a)(2)(A)

encompasses forms of fraud, like fraudulent conveyance schemes, that can be effected without a

false representation.  … The word 'actual' has a simple meaning in the context of common-law

fraud:  It denotes any fraud that 'involv[es] moral turpitude or intentional wrong.' … [A]nything

that counts as 'fraud' and is done with wrongful intent is 'actual fraud.' ") (internal citation

omitted).  In such cases, a creditor must prove "(1) a fraud occurred; (2) the debtor intended to

defraud the creditor; and (3) the fraud created the debt that is the subject of the discharge

dispute." *Hanson*, 432 B.R. at 772 (citing *McClellan*, 217 F.3d at 894).

"[T]he focus of an 'actual fraud' claim is on the defendant's state of mind at the time of

his purportedly fraudulent conduct." *Merritt v. Wiszniewski (In re Wiszniewski)*, 2010 WL

3488960 at *5 (Bankr. N.D. Ill. 2010) (citation omitted).

It appears that Creditor asserts two separate factual bases for its misrepresentation / fraud

claims.

First, Creditor asserts that "[Y]ou misrepresented financial information and exaggerated

returns and other investor promotions in order to induce Pier 48 to enter into the Management

Agreement." *See* Admissions No. 4.  This appears to be an assertion that Debtor misrepresented

the financial condition of Debtor or an affiliate (perhaps an "insider").  If so, then any such

"statement respecting [Debtor's] or an insider's financial condition" is expressly excluded from

§ 523(a)(2)(A).[5]  It is unclear from the "Statement of Material Facts Not in Dispute" included in

the Brief whether any of such misrepresentations respected Debtor's or an insider's financial

condition and whether they were made in writing, and Creditor does not specifically address

---

[5]        Section 523(a)(2)(B) provides an exception to the discharge of a debt if a debtor uses a statement
"respecting the debtor's or an insider's financial condition", but requires that such statement be "in writing".  *See
Fischer Inv. Cap., Inc. v. Cohen (In re Cohen),* 507 F.3d 610, 613 (7th Cir. 2007) ("the creditor must prove that the
debtor made a materially false *written* statement about his financial condition with the intent to deceive … ")
(emphasis added), and *Lamar, Archer & Cofrin, LLP v. Appling*, -- U.S. --, 138 S.Ct. 1752, 1757, 201 L.Ed.2d. 102
(2018) ("If that statement [respecting the debtor's financial condition] is not in writing, then, the associated debt
may be discharged, even if the statement was false").

such issue in the Motion or Brief.  As such, there exists a genuine issue of material fact regarding whether any such misrepresentations were in writing or could otherwise form the basis for excepting the debt from discharge pursuant to § 523(a)(2)(A).

The second factual basis for the misrepresentation / fraud claims is that before undertaking the management of Creditor's restaurant operations, Debtor misrepresented that he would operate the business in a manner consistent with his contractual and fiduciary obligations under the Management Agreement.  This raises the issue of whether a misrepresentation about *future* facts and conduct (operating the business for Debtor's sole benefit and in a manner that violated his contractual and fiduciary duties under the Management Agreement) is a false representation under § 523(a)(2)(A).  "[A] promise to act in the future is not by itself a false representation under § 523(a)(2)(A)." *Jairath*, 259 B.R. at 316 (citation omitted).  However, the Seventh Circuit has "held that when a creditor entrusts the debtor with money to use for a specific purpose and the debtor has no intention of using it in that manner, a misrepresentation exists upon which a debt can be held non-dischargeable." *Matter of Sheridan*, 57 F.3d 627, 635 (7th Cir. 1995) (citing *In re Pappas*, 661 F.2d 82, 86 (7th Cir. 1981)).

The Court concludes that Creditor has demonstrated that there is no genuine issue of material fact with respect to its claim that Creditor entrusted Debtor with the Misappropriated Assets to use in managing Creditor's restaurant operations and that Debtor had no intention of using the Misappropriated Assets in that manner.  Admissions Nos. 5, 6, 7, 8, 9, 10, 11, 12, 13 and 14 set forth the necessary facts to show that Debtor made false representations in these regards.  With respect to this claim, Admissions Nos. 14 and 15 are critical to the Court's reasoning.  In addition, because actual fraud is a separate basis for nondischargeability under § 523(a)(2)(A), *Scarpello*, 272 B.R. at 700 (citing *McClellan*, 217 F.3d at 894) and *Husky*, 578 U.S. at 359, 136 S.Ct. at 1586, the Court concludes that Creditor has demonstrated there is no

genuine issue of material fact with respect to its claim that the debt owed by Debtor to Creditor is nondischargeable pursuant to § 523(a)(2)(A) based on actual fraud. As noted above, "[a]nything that counts as 'fraud' and is done with wrongful intent is 'actual fraud.' " *Husky*, 578 U.S. at 360, 136 S.Ct. at 1586. Admissions Nos. 5, 6, 7, 8, 9, 10, 11 and 14 describe the "fraud", and Admissions Nos. 13, 14 and 16 show the "wrongful intent". Upon this showing, the burden shifts to Debtor to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment. Debtor has not done so. Accordingly, the debt owed by Debtor to Creditor is nondischargeable pursuant to § 523(a)(2)(A).

*Reasoning – § 523(a)(4)*

A debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny" may be excepted from discharge pursuant to § 523(a)(4). In the Brief, Creditor focused only on fraud or defalcation while acting in a fiduciary capacity and larceny.

To prove a § 523(a)(4) claim, a creditor must establish that " (1) 'the debtor acted as a fiduciary to the creditor at the time the debt was created,' and (2) 'the debt was caused by fraud or defalcation.' " *Estate of Cora v. Jahrling (In re Jahrling)*, 816 F.3d 921, 925 (7th Cir. 2016) (quoting *In re Berman*, 629 F.3d 761, 765-66 (7th Cir. 2011)).

In this circuit, a fiduciary relationship for purposes of § 523(a)(4) "arises in just two situations: (1) when there is an express trust, and (2) when there is an implied fiduciary relationship." *Berman,* 629 F.3d at 768-70. To prove an implied fiduciary relationship,[6] "the creditor must show the relationship was one of 'special confidence' … [that] exists when the parties have an unequal relationship, one where there is 'a difference in knowledge or power between fiduciary and principal' that gives 'the former a position of ascendancy over the latter.'"

---

[6]     The Brief did not argue the presence of an express trust.

*CR Adventures LLC v. Hughes (In re Hughes)*, 609 B.R. 789, 797 (Bankr. N.D. Ill. 2019) (quoting *In re Marchiando*, 13 F.3d 1111, 1116 (7th Cir. 1994)).

Under § 523(a)(4), fraud means " 'positive fraud, or fraud in fact, involving moral turpitude or intentional wrong, as does embezzlement; and not implied fraud, or fraud in law, which may exist without the imputation of bad faith or immorality.' " *Bullock v. BankChampaign, N.A.*, 569 U.S. 267, 273, 133 S.Ct. 1754, 1759, 185 L.Ed.2d 922 (2013) (quoting *Neal v. Clark*, 95 U.S. 704, 709, 24 L.Ed. 586 (1878)). Section 523(a)(4) covers "only debts for fraud while acting as a fiduciary". *Husky*, 578 U.S. at 363, 136 S.Ct. at 1588.

Similarly, defalcation requires a creditor to prove "a culpable state of mind ... involving knowledge of, or gross recklessness in respect to, the improper nature of the relevant fiduciary behavior." *Bullock*, 569 U.S. at 269, 133 S.Ct. at 1757. The state-of-mind requirement must involve "at least a subjective, criminal level of recklessness … [where] the fiduciary 'consciously disregards' (or is willfully blind to) 'a substantial and unjustifiable risk' that his conduct will turn out to violate a fiduciary duty." *Jahrling*, 816 F.3d at 925 (quoting *Bullock*, 133 S.Ct. at 1759). Defalcation, as opposed to fraud, "may be used to refer to nonfraudulent breaches of fiduciary duty." *Id.*

"Larceny is proven for § 523(a)(4) purposes if the debtor has wrongfully and with fraudulent intent taken property from its owner." *Kaye v. Rose (In re Rose)*, 934 F.2d 901, 903 (7th Cir. 1991) (citations omitted). "The original taking must be unlawful and the debtor must have felonious intent at the time of the taking." *Chiromo v. Grigoletti (In re Grigoletti)*, 2010 WL 5055927, at *2 (Bankr. S.D. Ind. 2010) (citation omitted). It is "clear that [larceny] appl[ies] outside of the fiduciary context." *Bullock*, 569 U.S. at 275, 133 S.Ct. at 1760.

The Court concludes that Creditor has demonstrated that there is no genuine issue of material fact with respect to its claim that the debt owed by Debtor to Creditor is

nondischargeable pursuant to § 523(a)(4).  Admissions Nos. 3, 5, 6, 7, 8, 9, 10, 14, 16 and 17 set forth the facts necessary to show that Debtor engaged in fraud or defalcation while acting in a fiduciary capacity and larceny, including the requisite intent.  Upon this showing, the burden shifts to Debtor to "go beyond the pleadings" to cite evidence of a genuine issue of material fact that would preclude summary judgment.  Debtor has not done so.  Accordingly, the debt owed by Debtor to Creditor is nondischargeable pursuant to § 523(a)(4).

*Reasoning – § 523(a)(6)*

A debt may be excepted from discharge pursuant to § 523(a)(6) "for willful and malicious injury by the debtor to another entity or to the property of another entity". "Bankruptcy courts in [the Seventh Circuit] have focused on three points: (1) an injury caused by the debtor (2) willfully and (3) maliciously." *First Weber Group, Inc. v. Horsfall*, 738 F.3d 767, 774 (7th Cir. 2013) (citations omitted).

Injury "is understood to mean a 'violation of another's legal right, for which the law provides a remedy.'  The injury need not have been suffered directly by the creditor asserting the claim.  The creditor's claim must, however, derive from the other's injury." *Id.* (internal citations omitted).

"Willfulness requires 'a deliberate or intentional *injury*, not merely a deliberate or intentional *act* that leads to injury.' " *Id.* (quoting *Kawaauhau v. Geiger*, 523 U.S. 57, 61, 118 S.Ct. 974, 977, 140 L.Ed.2d 90 (1998) (emphasis in original)).  " 'Willfulness' can be found either if the 'debtor's motive was to inflict the injury, or the debtor's act was substantially certain to result in injury.' " *Id.* (quotation omitted).

Maliciousness requires the debtor to act "in conscious disregard of one's duties or without just cause or excuse; it does not require ill-will or specific intent to do harm." *In re Thirtyacre*, 36 F.3d 697, 700 (7th Cir. 1994) (quotation omitted).  The Seventh Circuit

reaffirmed its definition of maliciousness from *Thirtyacre* as good law. *Horsfall*, 738 F.3d at 774-75.

The Court concludes that Creditor has not demonstrated that there is no genuine issue of material fact with respect to its claim that the debt owed by Debtor to Creditor is nondischargeable pursuant to § 523(a)(6). Neither the Admissions nor the Stucker Affidavit set forth the facts necessary to show the "willful and malicious" elements that must be proven to prevail under § 523(a)(6). In addition, Debtor denied the allegations of ¶ 26 of the Complaint that could have shown Debtor's willfulness and maliciousness. Therefore, the Court will not grant summary judgment in favor of Creditor with respect to § 523(a)(6).

<u>Conclusion</u>

Based upon the record before the Court and for the reasons set forth above, the Court GRANTS the Motion with respect to the §§ 523(a)(2)(A) and (a)(4) claims and DENIES the Motion with respect to the § 523(a)(6) claim. The Court will enter judgment in favor of Creditor and against Debtor with respect to the §§ 523(a)(2)(A) and (a)(4) claims contemporaneously herewith.

IT IS SO ORDERED.

# # #